## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - ORDER

Case No.:  **SACV 12-701 UA**                    Dated: May 31, 2012
           SACV 12-709 UA

Title:     Son Q. Pham v. State of California Department of Transportation (12-701)
           Son Q. Pham v. City of Long Beach (12-709)
=============================================================
Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
                (In Chambers - No Appearances)


Stephen Ybarra                              None_____
Deputy Clerk                                CourtSmart Ref. No.




**Proceedings:**     Order to Show Cause ("OSC")

**Rulings:**         For the reasons discussed below, plaintiff Son Q. Pham is hereby ordered
                     to show cause why the Magistrate Judge should not report and
                     recommend to the Chief Judge that his in forma pauperis requests [1]
                     ("IFP Requests") in the pending actions be denied, and why Pham should
                     not be declared a vexatious litigant and barred from filing future IFP
                     Requests or other papers without the pre-payment of the full filing fee or
                     without the approval of a Judge of this Court. Pham is ordered to comply
                     with this OSC by: (1) filing a written response to this OSC no later than
                     **noontime, June 5, 2012**, and (2) appearing in person before the Court at
                     10:00 a.m. sharp, **June 7, 2012**, in Courtroom 6B of this Court located at
                     411 W. 4th St., Santa Ana, California, 92701. Pham is notified and
                     warned that his failure to comply with any aspect of this OSC will result
                     in his IFP Requests being denied and Pham will be declared a vexatious
                     litigant. No further notice will be given.

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 2
===============================================================================

**Discussion:**

    **1.**    **SACV 12-701 UA**

On May 3, 2012, plaintiff Son Q. Pham commenced this action by filing his IFP Request and lodging his proposed complaint against the California Department of Transportation ("Caltrans") purporting to allege claims based upon violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. The claims in the proposed one-page complaint are wholly based upon the following allegations:

> On or about March 7, 2011, I applied for the positions of District Deputy Director, and Design Office Chief. On or about May 2, 2011, I was told by the Executive office Caltrans district 12 that I was not hired for any positions.

> No reason was given as to why I was not hired.

> I believe I have been discriminated against due to my disability and in retaliation for filling [sic] EEOC charges in 2005, 2006 against Caltrans which are in violation of The Americans with Disabilities Act of 1990, as amended and Title VII of The Civil Rights Act of 1964, as amended.

> The judgment demand to [sic] against State of California Department of Transportation - district 12 for Ten Million Dollars, the cost of this action, and the positions of District Deputy Director and Office Chief.

Pursuant to 28 U.S.C. § 1915(a)(1), (e)(2), a plaintiff's IFP application may be denied if the complaint fails to state a claim on which relief may be granted.

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 3
================================================================================

1.      **Title VII and 42 U.S.C. § 1981 ("§ 1981")**

Title VII forbids a prospective employer from refusing to hire a person because of the person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Likewise, § 1981 forbids racial discrimination in the making of both public and private contracts. *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 107 S. Ct. 2022, 2026, 95 L. Ed. 2d 582 (1987). To state a claim under Title VII or § 1981, a plaintiff must show the defendant engaged in unlawful conduct with a racially discriminatory purpose or intent, and that said conduct violated the plaintiff's legally protected rights. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975); *Gen. Bldg. Contractors Ass'n v. Pa.*, 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982); *see Fonseca v. Sysco Food Svcs. of Ariz.*, 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case."). Further, to state a plausible discrimination or retaliation claim under Title VII or § 1981 based upon a discriminatory refusal to hire, a plaintiff must show (1) he belongs to a protected class; (2) he applied for and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, he was rejected; and (4) after his rejection, the employer selected someone with comparable qualifications. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1193 n. 6 (9th Cir. 2003).

Pham's allegations fail to set forth any specific facts that give rise to a plausible claim under Title VII or § 1981. The complaint is wholly based upon allegations that are vague, conclusory and speculative, that fail to plausibly show Caltrans engaged in any purposeful racial discrimination in deciding not to hire Pham. "General allegations, bereft of any specific facts, do not constitute evidence sufficient to support Madrid's claims of racial discrimination under 42 U.S.C. § 1981 or Title VII, 42 U.S.C. § 2000e–2(a)(1)." *Madrid v. Concho Elementary School Dist. No. 6 of Apache County*, 2011 WL 2421141 (9th Cir. June 17, 2011) (cited for its persuasive value pursuant to FRAP 32.1 and 9th Cir. R. 36-3); *see Ashcroft v. Iqbal*, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949-50 (2009) (conclusory allegations are insufficient). To the extent the complaint obliquely appears to allege Caltrans refused to hire Pham because of an unspecified disability, the complaint fails to state a cognizable claim under Title VII or § 1981 because neither of these statutes are directed at disabilities.

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 4
================================================================================

## 2.    ADA

Title I of the ADA covers employment situations and provides, in pertinent part, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).

Caltrans is a state agency.  Eleventh Amendment sovereign immunity extends to state agencies and departments. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S. Ct. 1032, 67 L. Ed. 2d 132 (1981) (per curiam); *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam).

The United States Supreme Court has held Title I of the ADA violates the Eleventh Amendment and is unconstitutional to the extent it allows private suits against states for money damages. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001). Accordingly, to the extent the complaint purports to raise a disability discrimination claim  for money damages against Caltrans under 42 U.S.C. § 12112(a), the complaint fails to state a plausible claim for relief. *Id.*; *Gao v. Hawaii*, 424 Fed. Appx. 641, 2011 WL 1097751 (9th Cir. Mar. 25, 2011) (holding district court properly dismissed plaintiff's ADA claim against State of Hawaii on Eleventh Amendment grounds, citing *Garrett*.).

Additionally, even if Caltrans consented to be sued, in order to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that he or she  (1) is disabled within the meaning of the statute; (2) is qualified to perform the essential functions of the job; and (3) has suffered an adverse employment action because of a disability.  *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891-92 (9th Cir. 2001). Pham fails to state an ADA claim for relief because his complaint does not allege facts that show he is disabled within the meaning of the ADA, and that he is qualified to perform the essential functions of the job or that he is disabled within the meaning of the statute.

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 5
================================================================================

The Court also takes judicial notice of its own records that show Pham's claims against Caltrans are frivolous and malicious because Caltrans has a good reason not to hire Pham. Specifically, the Court's records establish Pham has previously filed three actions relating to his past employment with Caltrans.  *See Pham v. State of California, Department of Transportation*, SACV 07-00018 PSG (MLGx) (filed Jan. 4, 2007) ("*Pham* I"); *Pham v. Professional Engineers in California Government*, SACV 11-01258 (filed Aug. 23, 2011) ("*Pham* II"); *Pham v. State of California, Department of California*, SACV-01441 (filed Sept. 19, 2011) ("*Pham* III"). Pham has also previously commenced a similar failure to hire action against the Orange County Transportation Authority. *See Pham v. Orange County Transportation Authority*, SACV 12-00487 (filed Mar. 29, 2012) ("*Pham* IV").

The complaint in *Pham* I raised a Title VII retaliation claim against Caltrans for terminating Pham from his Caltrans employment as a transportation engineer. On September 6, 2007, Judge Gutierrez issued his order granting Caltrans' motion for summary judgment. In his order, Judge Gutierrez found, among other things:

> "Caltrans had a non-pretextual, legitimate reason for issuing Letters of Warning, denying [Pham] a merit adjustment, and ultimately terminating [Pham].
>
> Specifically, Caltrans' evidence shows that over a period of several months, [Pham] failed to work his full 8 hour workday, failed to accurately report his work time and absences on his time sheet, failed to report to work on several occasions or call to notify his supervisor he would not be into work, failed to timely turn in his work when due, failed to attend required staff meetings, and failed to meet with his supervisor Wun after being asked to.

(*Pham* I, 09/06/07 Order (PSG) [36] at 6.)

Despite the result in *Pham* I, Pham proceeded to bring *Pham* II and III. The proposed complaints in both actions were drafted in a manner similar to the proposed complaint in the pending action. Accordingly, the Court found the proposed complaints failed to state a claim and Pham's corresponding IFP Requests were denied (*See Pham* II, 09/23/11 Order (ABC)

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 6
================================================================================

[3]; *Pham* III, 09/23/11 Order (ABC) [2].)  In *Pham* IV, Pham lodged a proposed one-page complaint that is substantively identical to his pending proposed complaint in SACV 12-701, the only difference being the named defendant. On April 3, 2012, the Court issued its order denying Pham's IFP Request based upon its finding the proposed complaint was "legally and/or factually patently frivolous." (*Pham* IV, 04/06/12 Order (ABC) [2].)

In light of *Pham* I, II, and III, the Court finds Pham's IFP Request in SACV 12-701 should denied because his proposed complaint against Caltrans is frivolous and malicious, in addition to failing to state a claim.

## 2.    SACV 12-00709

In his lodged proposed complaint accompanying his IFP Request, Pham alleges:

> On or about January 12, 2011, I applied for the position of Civil Engineer Associate with the City of Long Beach[.]  On or about February 4, 2011, the City of Long Beach, Civil Service Commission email (sic) me that I was not selected for the position.

> No reason was given as to why I was not hired.

> I believe I have been discriminated against due to my disability and in retaliation for filling (sic) an EEOC charges in 2005, 2006 against my former employer which are in violation of The Americans with Disabilities Act of 1990, as amended and Title VII of The Civil Rights Act of 1964, as amended.

> The judgment demand to (sic) against the City of Long Beach for Ten Million Dollars, the cost of this action, and the positions of Civil Engineer Associate.

The Court finds Pham's IFP Request should be denied because the proposed complaint against the City of Long Beach fails to state a claim, and is frivolous and malicious, for the same reasons that apply to his complaint in SACV 12-701.

Son Q. Pham v. State of California Department of Transportation (SACV 12-701 UA);
Son Q. Pham v. City of Long Beach (SACV 12-709 UA)
May 31, 2012
Page 7
================================================================================

### 3.    OSC

The Supreme Court has stated, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Day v. Day,* 510 U.S. 1, 2, 114 S. Ct. 4, 5, 126 L. Ed. 2d 1 (1993), citing *In re McDonald,* 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103 L. Ed. 2d 158 (1989) (*per curiam*). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Whitaker v. Superior Court of San Francisco,* 514 U.S. 208, 210, 115 S. Ct. 1446, 1447, 131 L. Ed. 2d 324 (1995), citing *In re Whitaker,* 513 U.S. 1, 2, 115 S. Ct. 2, 3, 130 L. Ed.2d 1 (1994). Pham has now filed at least 4 prior IFP requests that have been denied because the Court found the claims in Pham's corresponding complaints failed to state a claim or are frivolous and malicious. Plaintiff's repetitious filing of frivolous or defective complaints has abused and misused the Court's limited resources, compromised the goal of fairly dispensing justice, and his actions demonstrate Pham is likely to continue abusing the judicial process unless protective measures are taken.

Accordingly, Pham is hereby ordered to show cause why the Magistrate Judge should not report and recommend to the Chief Judge that his IFP Requests in the pending actions be denied, and why Pham should not be declared a vexatious litigant and barred from filing future IFP Requests or other papers without the pre-payment of the full filing fee or without the approval of a Judge of this Court. Pham is ordered to comply with this OSC by: (1) filing a written response to this OSC no later than **noontime, June 5, 2012**, and (2) appearing in person before the Court at 10:00 a.m. <u>sharp</u>, **June 7, 2012**, in Courtroom 6B of this Court located at 411 W. 4th St., Santa Ana, California, 92701. Pham is notified and warned that his failure to comply with any aspect of this OSC will result in his IFP Requests being denied and Pham will be declared a vexatious litigant.  No further notice will be given.

cc:   CHIEF JUDGE COLLINS
        Plaintiff                                                    Initials of Deputy Clerk <u>shy</u>